# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Roswell T. Warren,            ) | |
|                                             ) | |
|         Plaintiff,                  ) | |
|                                             ) | |
| v.                                       ) | Case No. 05-1141-WEB |
|                                             ) | |
| Cody Lynn Tastove,       ) | |
|                                             ) | |
|         Defendant.              ) | |
|                                             ) | |

## MEMORANDUM AND ORDER

Now before the Court are Defendant's two motions in limine. (Docs. 17, 18). This order supplements the Court's oral ruling at the pre-trial hearing on 18 April 2006. The parties were involved in an accident on May 18, 2003 at 7: 50a.m. Defendant admits liability. Plaintiff requests damages for injuries, mental and physical pain, property damage, medical expenses and lost wages.

### Standard

"The admissibility of evidence in diversity cases in federal court is generally governed by federal law." *Romine v. Parman*, 831 F.2d 944, 944 (10th Cir. 1987). However, some evidentiary questions are so dependent on state substantive policy that state law must be applied. *Id.* at 945. A trial court in its discretion regarding the admissibility of evidence, may look to the reasoning employed by other circuits, districts or state courts when reaching evidentiary decisions. *Herndon v. Seven Bar Flying Service, Inc.,* 716 F.2d 1322, 1326 (10th Cir. 1983).

Analysis

1. Defendant requests the Court exclude any testimony by expert witness Patrick Fitzgerald. Fitzgerald was not identified as an expert witness until the March 28, 2006 filing of Plaintiff's witness and exhibit list. (Doc. 16). Plaintiff neither identified this expert when responding to Defendant's expert interrogatory nor pursuant to an expert designation. The deadline for expert witness disclosure for Plaintiff was October 3, 2005. (Doc. 6). Defendant claims he would be unfairly prejudiced by this late designation, especially on the issue of damages.

While a continuance is the preferred remedy for unfair surprise and late submission, the Court finds that exclusion is the proper remedy in this instance. See Application note on Rule of Evidence 403; *see also Means v. Letcher*, 51 Fed. Appx. 281 (10th Cir. 2002) (court appropriately ordered new trial when defendant was unfairly surprised and prejudiced by plaintiff's failure to disclose expert's opinion testimony prior to trial). Defendant has not been given sufficient time to depose the expert or to get his own expert because Plaintiff has failed to identify his expert witness within a reasonable time. Defendant received a copy of the expert report only days before the trial. When given an opportunity to explain, Plaintiff offered no compelling excuse for his belated submission of this expert witness and report. The Court finds that Defendant would be unduly prejudiced by the admission of such untimely evidence. It is excluded.

2. Defendant requests the Court exclude any evidence of Defendant's liability insurance. The Court agrees that evidence of Defendant's liability insurance should be and is therefore excluded.

3. Defendant requests the Court exclude the videotaped deposition of Dr. Eric Frische because

the Doctor's deposition was not noticed as a videotaped deposition. Defendant withdrew this request at the pretrial hearing; therefore, the videotape is admitted. See. Fed. R. Evid. 402 (all relevant evidence is admissible).

4. In his motion in limine, Defendant requests the Court exclude certain income tax records (statement of income and tax records for 2000 and 2001) and invoices because Plaintiff has failed to disclose these exhibits in a timely manner. Defendant claims that he would be prejudiced by the untimely disclosure of these exhibits showing damages. Plaintiff provides no excuse for his untimely disclosure. Moreover, the pretrial order states that exhibit disclosures shall be filed no later than 21 days before trial. (Doc. 10 at 7). The Court finds that exclusion of these exhibits is an appropriate remedy.

5. Defendant requests the Court exclude any testimony or argument that Plaintiff is physically unable to drive or operate a semi truck. Defendant argues that Plaintiff's witness, Dr. Frische offers a speculative opinion that has no foundation because Dr. Frische is not a vocational expert; consequently, his opinion that Plaintiff is unable to meet the work demands of a semi truck driver is not admissible. Defendant also argues that Dr. Frishce's testimony is not proper for an expert as he stated only that Plaintiff "might be" impaired from driving and it would be unwise for him to resume driving.

Defendant's first argument challenges the qualifications of Dr. Frische to offer an expert opinion about Plaintiff's vocational ability. Federal Rule of Evidence 702 directs the trial court to assess, first whether a proposed expert is qualified by "knowledge, skill, experience, training, or education" to render an opinion. *Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 969 (10th Cir. 2001).

Defendant's second argument is based on Kansas law stating that medical experts must give opinions within a reasonable medical probability not those that are merely possible. *Pope By and for Juby, v. Ransdell,* 251 Kan. 112, 122 (1992); *see also Nunez v. Wilson*, 211 Kan. 443 (1973) (experts must confine there opinions to matters which are certain or probable instead of those which are merely possible).

In his response, Plaintiff recommends that Dr. Frishe's deposition testimony as it relates to this issue be dubbed over. The Court agrees that dubbing over the objectionable deposition testimony is an appropriate remedy.

6. That the Court exclude any testimony regarding lost profits and future income as a result of an inability to operate a semi truck. If Dr. Frische's testimony about Plaintiff's inability to drive a semi truck is excluded because he is not qualified, Plaintiff should be precluded from claiming lost future income because there is no other evidence that Plaintiff cannot drive a semi truck.

"Expert testimony is necessary where normal experience and qualifications of lay persons serving as jurors does not permit them to draw proper conclusions from facts and circumstances of the case." *Ransdell,* 251 Kan. at 120 (1992). The Court declines to rule on this issue at this time, preferring to wait until the issue is raised during trial.

Defendant's motions in limine (Docs. 17, 18) are GRANTED in part and DENIED in part in accordance with the above provisions;

SO ORDERED this __18th__ day of April, 2006.

                                                _s/ Wesley E. Brown_

                                                Wesley E. Brown, U.S. Senior District Judge